United States District Court
Southern District of Texas
**ENTERED**
June 08, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

REFUGIO YANEZ RESENDIZ,       §
                              §
            Petitioner,       §
                              §
v.                            §       CIVIL ACTION NO. H-26-2961
                              §
MARK WAYNE MULLINS, et al.,   §
                              §
            Respondents.      §

## MEMORANDUM OPINION AND ORDER

Refugio Yanez Resendiz ("Petitioner"), a citizen of Mexico, entered the United States in April of 1989.[1]  On November 20, 2025, Petitioner was detained by Immigration and Customs Enforcement and was issued a Notice to Appear.[2]  On March 25, 2026, Petitioner submitted an amended application for cancellation of removal.[3] Petitioner's removal proceedings remain pending before the immigration court and he remains in immigration custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates (1) the Immigration and Nationality Act

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 9 ¶ 27; Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, ("Respondents' MSJ"), Docket Entry No. 5, p. 1.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 10 ¶ 29.

[3]Respondents' MSJ, Docket Entry No. 5, p. 2.

[4]Habeas Petition, Docket Entry No. 1, pp. 9-10 ¶¶ 28-29.

("INA"), (2) due process, (3) equal protection, and (4) the Suspension Clause, and is arbitrary and capricious under the Administrative Procedure Act ("APA").[5] Petitioner also argues that his warrantless arrest violates the Accardi doctrine.[6]

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[7] Petitioner has filed a reply.[8]

First, as explained by Jimenez v. Noem, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026) Petitioner's claims that his detention violates the Suspension Clause and the APA are foreclosed because (1) a petitioner is foreclosed from relief under the APA because he is able to challenge his detention by filing a writ of habeas corpus and (2) a claim under the Suspension Clause fails

---

[5]Id. at 28-42 ¶¶ 91-153. In his Response to Respondents' Motion for Summary Judgment, Petitioner argues that his detention violates due process because he has been detained for six months. Petitioner's Response to the Respondents' Motion for Summary Judgment and Request for Grant of Writ of Habeas Corpus, Docket Entry No. 6, pp. 5-8. However, "pre-removal-order detention authorized by 8 U.S.C. § 1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in Zadvydas v. Davis, [121 S. Ct. 2491] (2001), as to post removal order detention." Escalante v. Thompson, CIVIL ACTION NUMBER 4:26-cv-03710, 2026 WL 1602277, at *2 (S.D. Tex. Jun. 2, 2026).

[6]Habeas Petition, Docket Entry No. 1, pp. 42-44 ¶¶ 154-164.

[7]Respondents' MSJ, Docket Entry No. 5, pp. 1, 4.

[8]Petitioner's Response to the Respondents' Motion for Summary Judgment and Request for Grant of Writ of Habeas Corpus, Docket Entry No. 6.

-2-

because § 1252 does not strip this court of jurisdiction over these petitions.

Petitioner's detention does not violate the INA.  As the Fifth Circuit explained in  Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).  Id. at 498, 502.

Petitioner's detention without a bond hearing does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Petitioner's "Fifth Amendment equal protection claim is unavailing because he fails to identify a similarly situated class that is treated more favorably than noncitizens who entered the country without inspection, and he does not state facts to show

-3-

that he falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in Buenrostro-Menendez." Soy v. Blanche, CIVIL ACTION NO. 4:26-CV-02808, 2026 WL 1018345, at *1 (S.D. Tex. Apr. 15, 2026).

Finally, Petitioner cannot seek habeas relief under the Accardi doctrine. Although Petitioner alleges he was arrested without a warrant in violation of 8 CFR § 287.8(c)(2)(ii), "an illegal arrest has no bearing on the legality of detention following that arrest." Carnesolta v. Tate, Civil Action Number 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 8th day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-4-